## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MELISSA JURISICH** | * | **CIVIL ACTION NO.: 2:23-CV-200** |
| **Plaintiff,** | * | |
| | * | |
| **VERSUS** | * | **JUDGE/SECTION:** |
| | * | **WENDY B. VITTER** |
| | * | |
| **UNITED PROPERTY & CASUALTY** | * | |
| **INSURANCE COMPANY** | * | **MAGISTRATE/DIVISION:** |
| **Defendant.** | * | **MICHAEL NORTH** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### FIRST SUPPLEMENTAL AND AMENDED PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes MELISSA JURISICH who files this First Supplemental and Amended Petition for Damages against UNITED PROPERTY & CASUALTY INSURANCE COMPANY and LOUISIANA INSURANCE GUARANTY ASSOCIATION ("collectively referred to as "Defendants"). The facts more specifically set forth below are based upon personal knowledge and upon information and belief.

1.

Made defendant herein is: UNITED PROPERTY & CASUALTY INSURANCE COMPANY, a foreign insurance company that is authorized to do and doing business in the State of Louisiana, which is truly and justly indebted unto your petitioner for the following reasons to-wit:

2.

Made defendant herein is: LOUISIANA INSURANCE GUARANTY ASSOCIATION, a private Louisiana non-profit unincorporated legal entity obliged to pay the claim in accordance with La. R.S. §§ 22:2051, et seq., and which may be served through its Registered Agent for Service of Process: Deidre Arceneaux, 2142 Quail Run Drive, Baton Rouge, LA 70708, who is

1

truly and justly indebted unto your petitioner for the following reasons to-wit:

3.

At all times relevant herein, MELISSA JURISICH  owned the property and contents therein located at 3404 E. Saint Bernard Hwy., Meraux, LA 70075 (hereinafter the "Property").

4.

At all times relevant hereto, Defendant provided a policy of insurance, bearing Policy Number ULH556704205 (the "Policy"), to  MELISSA JURISICH, which was in full force and effect, and which covered the Property at issue and the contents therein against perils including hurricanes, wind, hail, and/or water. Defendant placed a valuation upon the covered Property and the contents therein and used this valuation for purposes of determining the premium charge to be made under the Policy at issue.

5.

Petitioner property suffered damage on October 28, 2020 in Hurricane Zeta and on August 29, 2021 in Hurricane Ida.

6.

Both hurricanes damaged the exterior, interior, and/or roof of the Property, allowing water to infiltrate the interior as a direct result of that damage and otherwise causing significant damage to and throughout the Property ("the Losses" or "Property Damage") which was covered under the Policy.

7.

The Property and contents therein were significantly damaged by and suffered a diminution in value as a result of Hurricanes Zeta and Ida. These significant Hurricane damages

to the Property (including the contents therein) occurred prior to any purported damage to the Property (or contents therein) by any non-covered peril, including any type of damage purportedly excluded by the policy.

8.

Within days of the Losses, Petitioner MELISSA JURISICH reported the losses to her insurer, UNITED PROPERTY & CASUALTY INSURANCE COMPANY, and was assigned claim numbers 20LA00075912 (Zeta) and 21LA00129642 (Ida).

9.

Upon notification of the Hurricane Ida loss, Defendant inspected the Property, and provided an estimate on the Claim. This estimate, however, grossly underreported the Property Damage.  Defendant maintained that some damages were from Hurricane Zeta.  Petitioner denies this, but out of an abundance of caution, asserts that Defendants is liable herein for damages from both hurricanes.

10.

Defendant's inspections of the Property constituted satisfactory proof of loss.

11.

Defendant's adjustments of the Claim was unreasonably low, unrealistic, and failed to provide the opportunity to properly conduct the needed repairs to the Property Damage caused by Hurricane Ida.

12.

As a result of Defendant refusing and/or failing to adjust the Claim fairly, undersigned

counsel was hired, and an expert adjuster was retained to inspect the Property as well as document and estimate Property Damage and/or the Claim.

13.

Subsequent to Defendant's inspection of the Property Damage, Plaintiff's expert adjuster inspected the Property and created a report (the "Expert Report") documenting and detailing that the Property had been damaged by Hurricane Ida and that the following amount was required to be paid by Defendant for repair, damages and/or reimbursement: $121,329.63.

14.

A demand for the release of unconditional tenders was sent to Defendant, along with the Expert Report as well as other supporting documentation, demonstrating the losses outlined therein.  This documentation sent to Defendant constituted additional satisfactory proof of loss.

15.

Despite receiving this satisfactory proof of loss, Defendant has yet to tender adequate insurance proceeds.

16.

Plaintiff attempted to recover the remaining amount of her damages and/or insurance proceeds due from Defendant to no avail.

17.

Defendant's failure to comply with the terms of its own Policy caused and continues to cause significant delay to the repair of the Property as well as additional general and/or special damages to Plaintiff.

4

18.

Relative to the Property Damage and/or Claim at issue, Defendant acted purposely and/or negligently:

a) failed to timely tender proceeds due after having received satisfactory proof of loss;

b) misrepresented the terms and conditions of the Policy at issue;

c) conducted the investigation and claims handling in bad faith;

d) manipulated and/or set its pricing software to artificially suppress the cost of repairs below market value;

e) failed to adequately pay for losses as required by the Policy, and/or

f) failed to include adequate overhead and profit in its estimates of damages.

19.

Plaintiff has incurred additional expenses and/or delays in making repairs because Defendant failed to timely pay for losses due under the Policy and/or for the Claim at issue.

20.

Plaintiff has incurred professional expenses, including expert and/or attorney's fees, to determine that Defendant wrongfully failed to adequately/timely pay on the Claim at issue.

21.

Plaintiff has sustained and continue to sustain mental anguish and/or inconvenience because Defendant failed to timely pay for losses due under the Policy and/or for the Claim at issue.

22.

Plaintiff has incurred and/or will incur additional living expenses as a result of the damages caused to the Property by Hurricane Ida and Zeta, including those additional living expenses that will be incurred during additional repair of the Property.

## CAUSE OF ACTION – Breach of Insurance Contract

23.

All allegations contained in this Petition are hereby adopted and re-alleged.

24.

Despite having adequate proof of loss, Defendant failed to timely tender adequate funds under the Policy.

25.

At all material times herein, an insurance contract, the Policy, existed between Plaintiff and Defendant, which provided coverage for the Property Damage and/or the Hurricane Ida Claim at issue herein.

26.

Upon information and belief, Defendant breached the Policy and/or insurance contract by purposely and/or negligently:

a) failing to timely tender proceeds due after having received satisfactory proof of loss;

b) misrepresenting the terms and conditions of the Policy at issue;

c) manipulating and/or setting its pricing software to artificially suppress the cost of repairs below market value;

d) failing to adequately pay for losses as required by the Policy, and/or

e) failing to include adequate overhead and profit in its estimates of damages.

27.

Plaintiff has suffered and continues to suffer general, special and/or consequential damages as a result of Defendant's breaches of the insurance contract.

## DAMAGES

28.

All allegations contained in this Petition are hereby adopted and re-alleged.

29.

Defendant is liable to Plaintiff, relative to the Property Damage and/or Claim at issue, under the following legal theories:

a) Breach of contract;

b) Negligent claims adjusting practices, including but not limited to failing to adequately adjust the Property Damage and/or the Claim, misrepresentation of the terms of the applicable insurance Policy, purposeful and/or negligent under-scoping of damages leading to a failure to pay the relevant claims, purposeful and/or negligent price manipulation leading to a failure to pay the relevant claims, failure to pay timely for covered damages Defendant knew, or should have known existed at the time of the original adjustment/inspection as well as at the time of Defendant's receipt of the Expert Report, failing to timely tender adequate supplemental payment(s), etc., leading to various general, special and/or consequential damages, including but not limited to delayed and/or additional repair costs, mental anguish, inconvenience, and the incurrence of professional and/or expert fees;

c) Any and all other legal theories of recovery that become apparent during the discovery process and proven at the trial of this matter.

30.

As a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad acts, Plaintiffs has incurred and/or sustained the following, non-exclusive damages:

a) Diminution of the value of the Property;

b)  Underpayment and/or delayed payment of covered damages/repair costs;

c)  Actual repair costs, temporary repair costs, as well as increased repair costs;

d)   Loss of use and/or additional living expenses;

e)  Mental anguish and/or inconvenience;

f)  other general, special and/or consequential damages; and,

g)  Any and all other damages that are shown through discovery and/or proven at the trial of this matter.

**PRAYER FOR RELIEF**

**WHEREFORE**, your Plaintiff, MELISSA JURUSICH prays that the defendant, UNITED PROPERTY & CASUALTY INSURANCE COMPANY and LOUISIANA INSURANCE GUARANTY ASSOCIATION , be served with a copy of this petition, and that after all legal delays it be required to answer same and after all proceedings there be a judgment in favor of your Plaintiff, MELISSA JURISICH, for all amounts commensurate with her damages, in such sums the Court deems just, together with legal interest, costs, and all general and equitable relief allowed. Further, Plaintiff pray for relief and judgment against the Defendant as follows:

1.    Compensatory, general and/or contractual damages;

2.    Consequential and/or special damages, including but not limited to those incurred as a result of Defendant's bad faith;

3.    Prejudgment interest at the highest lawful rate allowed by law;

4.    Interest on the judgment at the highest legal rate from the date of judgment until collected;

5.    All expenses and costs of this action; and

**6.**    Such further relief as this Court deems necessary, just and proper.

Respectfully submitted:

**Glago Williams, LLC**


 _/s/_ Mark P. Glago_____

**Mark P. Glago, Bar No. 25395**
**Jatavian L. Williams, Bar. No. 33431**
**Katherine E. May, Bar No. 32578**
**Ashley Fisher, Bar No. 39722**
First Bank & Trust Tower - 29th Floor
909 Poydras Street
New Orleans, Louisiana 70112
Telephone:     (504) 500-2020
Facsimile:      (504) 599-8699
mglago@glagowilliams.com
jwilliams@glagowilliams.com
kmay@glagowilliams.com
afisher@glagowilliams.com


**PLEASE SERVE:**

**UNITED PROPERTY AND CASUALTY INSURANCE COMPANY**
Through its Registered Agent for Service:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

**LOUISIANA INSURANCE GUARANTY ASSOCIATION**
*Through its Registered Agent for Service:*
Deidre Arceneaux
2142 Quail Run Drive
Baton Rouge, Louisiana 70808